UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH JAMES KENDRICK,

    Plaintiff,

v.                                         Case No. 5:21cv68-TKW-MJF

MARK S. INCH, et al.,

    Defendants.

_____/

# ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 14) and Defendant's objections (Doc. 17). The Court reviewed the issues raised in the objections de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed due to Plaintiff's failure to disclose his litigation history.

The Court did not overlook Plaintiff's argument that the cases he failed to disclose were "criminal actions … challenging his conviction and sentence." Doc. 17, at 3-4. However, even if that is true (and it does not appear to be[1]), it would not

---

[1] The Middle District cases were a habeas petition (8:20cv397) and a §1983 suit that was dismissed because it was "in the nature of habeas corpus" (8:11cv2402), and it is well established that habeas petitions are more civil in nature than criminal. *See Anderson v. Singletary*, 111 F.3d 801, 803-04 (11th Cir. 1997). Moreover, the Southern District case (2:16cv14060) was not a

excuse Plaintiff's failure to disclose the cases because the civil rights complaint form specifically required him to list "any other lawsuits in federal court <u>challenging [his] conviction</u>." Doc. 1, at 12 (emphasis added); *see also Johnson v. Burch*, 2019 WL 4596569, at *1 (N.D. Fla. Sep. 23, 2019) (rejecting argument that the civil rights complaint form only required prisoner to disclose lawsuits seeking money).

Nor did the Court overlook Plaintiff's argument that this case should not be dismissed based on his failure to disclose his litigation history because he paid the filing fee. However, this argument appears to be based on the flawed premise that the disclosure requirement only applies when the plaintiff is proceeding in forma pauperis so the Court can determine whether the inmate is subject to the "three strikes" statute, 28 U.S.C. §1915(g). Although one purpose of the disclosure requirement is to determine whether the inmate is a "three striker," that is not the only purpose of the disclosure requirement. *See Frazier v. Jones*, 2016 U.S. Dist. LEXIS 149874, at *3-4 (N.D. Fla. Oct. 6, 2016) ("The requirement that a prisoner-plaintiff truthfully disclose all prior civil cases serves important functions apart from determining whether a plaintiff is subject to the three-strikes bar, such as allowing the Court to determine whether the claims a plaintiff seeks to assert have been raised

---

challenge to Plaintiff's conviction, but rather it was a §1983 "class action" suit alleging violations of the Eighth Amendment based on where Plaintiff and the other co-plaintiffs were housed in relation to their families. Also, it is noteworthy that the order dismissing the §1983 suit in the Middle District identified another prior habeas petition filed in that court (8:97cv2624) that was not mentioned in the Report and Recommendation or disclosed by Plaintiff.

2

in other cases."), *report and recommendation adopted*, 2016 WL 6436630 (N.D. Fla. Oct. 28, 2016), *appeal dismissed*, 2017 WL 5665451 (11th Cir. May 1, 2017); Doc. 14, at 6 (explaining that another purpose of the disclosure requirement is to "determine the plaintiff's litigation experience and familiarity with the legal terrain," and noting that the purpose is frustrated where, as here, the plaintiff fails to fully disclose his litigation history). Thus, it follows that sanctions can be imposed based on a pro se prisoner's failure to disclose his litigation history, irrespective of whether the prisoner paid the filing fee or is proceeding in forma pauperis. *See Young v. Williams*, 2014 WL 6473594, at *2 (N.D. Fla. Nov. 17, 2014) (dismissing prisoner's §1983 suit under §1915(g) because he had not paid the filing fee, and stating in dicta that "even if Plaintiff had paid the filing fee in this case, this case would still be subject to dismissal for abuse of the judicial process because Plaintiff failed to truthfully disclose all of his past federal cases"); *Sears v. Haas*, 2012 WL 3113858 (N.D. Fla. July 10, 2012) (dismissing prisoner's §1983 suit based on his failure to disclose his litigation history even though he had paid the filing fee), *report and recommendation adopted*, 2012 WL 3113294 (N.D. Fla. July 31, 2021), *aff'd*, 509 F. App'x 935 (11th Cir. 2013); *Jones v. Bivins*, 2010 WL 5395963 (N.D. Fla. Nov. 16, 2010) (same), *report and recommendation adopted*, 2010 WL 5395829 (N.D. Fla. Dec. 22, 2010).

Finally, the Court did not overlook Plaintiff's argument that his omission was an "oversight" that the Court should overlook under the "harmless error" rule, Fed. R. Civ. P. 61. However, under the circumstances, the Court agrees with the magistrate judge's determination that a sanction less than dismissal would effectively be no sanction and would not deter this type of conduct in future cases by Plaintiff or other prisoners. *Id.* at 7-9.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b)(1) for maliciousness and abuse of the judicial process.

3. Plaintiff's motion for refund of filing fee (Doc. 18) is **DENIED**. *See Morris v. Bush*, 2008 WL 5231843, at *2 (N.D. Fla. Dec. 9, 2008) ("[W]hen a complaint is dismissed, the filing fee is not refunded to the Plaintiff.").

4. The Clerk shall terminate all pending motions and close the case file.

**DONE AND ORDERED** this 25th day of June, 2021.

*T. Kent Wetherell, II*

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**